IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ARKESHA DAVIS**<br><br>                **Plaintiff,**<br><br>v.<br><br>**FREDERICK J. HANNA & ASSOCIATES, P.C. and DOE VEASLEY**<br><br>                **Defendants.** | 1:07-cv-306-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Frederick J. Hanna & Associates, P.C.'s ("Defendant" or "Hanna") Motion to Dismiss for Improper Service of Process [11].

**I.    BACKGROUND**

Plaintiff brings this suit against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  On February 5, 2007, Plaintiff filed this action.  The next day, Plaintiff attempted to serve Defendant by delivering a copy of the Complaint to the Georgia Secretary of State's office.  A return of service was filed with the Court on February 19, 2007.  On March 8, 2007, Defendant filed its Answer asserting, among other defenses, that Plaintiff did not

properly serve it with process. On April 4, 2007, Defendant filed this Motion to Dismiss, arguing that Plaintiff did not properly serve Hanna as required by Federal Rule of Civil Procedure 4(h).

In Response to Defendant's Motion to Dismiss, Plaintiff caused a new summons to be issued on April 9, 2007 for service on Defendant. Plaintiff made three attempts to serve Frederick J. Hanna, Defendant's registered agent, CEO, CFO, and Secretary, at his office. These attempts were made on April 9, 2007, April 10, 2007, and April 11, 2007. On April 9, 2007, Defendant's office was closed at 4:30 p.m., and on the other two occasions, the process server was told that Mr. Hanna was not at the office. Thus, on April 17, 2007, Plaintiff again served the Secretary of State and certified that she was unable to serve Defendant and had mailed a copy of the Complaint to Defendant's agent by overnight delivery.

## II.   DISCUSSION

Pursuant to Fed. R. Civ. P. 12(b)(5), Hanna argues it was improperly served by Plaintiff, and the claims against it must be dismissed. Plaintiff argues that it should be excused from the requirements of Federal Rule 4 because Defendant

regularly evades service of process, and in any event, Plaintiff cured any defect in service by re-serving Defendant on April 17, 2007.

Rule 4(h) deals with service of process on corporations and states that such service shall be effected: "(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service."  Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) states that service can be effected "pursuant to the law of the state in which the district court is located."  Fed. R. Civ. P. 4(e)(1).  Thus, the Court further looks to Georgia law to determine the proper service of process for Defendant.

Pursuant to O.C.G.A. § 9-11-4(e)(1):

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1) If the action is against a corporation … to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, **provided that when for any reason service cannot be had in such manner**, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.

O.C.G.A. § 9-11-4(e)(1) (emphasis added).  Thus, under Georgia law, "substituted service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful."  Stone Exch., Inc. v. Surface Tech. Corp., 269 Ga. App. 770, 772 (2004) (emphasis in original).  Unlike similar laws which require "reasonable diligence" in attempting to serve the corporation, the Georgia Court of Appeals has held that a plaintiff proceeding under O.C.G.A. § 9-11-4(e)(1) need not exercise "due diligence" in locating a corporation's agent.  Stone Exch., Inc., 269 Ga. App. at 772.  The statute further specifies the procedural requirements for serving the Secretary of State:

> The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that the corporation has failed either to maintain a registered office or to appoint a registered agent in this state.

O.C.G.A. § 9-11-4 (e)(1).

Although Plaintiff's initial attempt at service was improper because she did not first attempt to serve Defendant's agent, the Court finds that Plaintiff's second

-4-

attempt at serving Defendant met the requirements of state and federal law. Pursuant to O.C.G.A. § 9-11-4 (e)(1), Plaintiff attempted to serve Defendant on three separate occasions at the office of its registered agent. When Plaintiff's process server was unable to locate Mr. Hanna, and she had reason to believe Defendant was attempting to evade service, she proceeded with substitute service with the Secretary of State pursuant to O.C.G.A. § 9-11-4 (e)(1). Plaintiff's counsel certified in an affidavit provided to the Secretary of State that she attempted to serve Defendant on three separate occasions, Defendant's registered agent has evaded service in other cases, that service of process could not be effected, and that she mailed via overnight delivery a copy of the Affidavit, Summons and Complaint to Mr. Hanna at his office.

Defendant's argument that Plaintiff still has not properly served it because Plaintiff only attempted service on three occasions, and that she did not state in her affidavit that Defendant does not have a registered agent, is unavailing. First, as previously discussed, the statute under which Plaintiff proceeds, O.C.G.A. § 9-11-4 (e)(1), allows a plaintiff to use substitute service with the Secretary of State when Plaintiff has attempted service and "for any reason that attempt is unsuccessful." Plaintiff has attempted, during general business hours, to serve

Defendant on three occasions.  Second, the Court finds that Plaintiff has complied with the procedural requirements of the statute by certifying to the Secretary of State that she attempted service, that service could not be effected, and that she had sent by overnight mail a copy of the Affidavit, Summons, and Complaint to Mr. Hanna.  This is particularly true where it appears that Defendant is in the habit of evading service of process, and Defendant clearly has knowledge of the Complaint because it has filed an Answer.  Thus, Defendant's Motion to Dismiss should be denied.[1]

### III.   CONCLUSION

Accordingly,

Defendant Hanna's Motion to Dismiss for Improper Service of Process [11] is **DENIED**.  Defendant's Motion to Quash [25] is **DENIED**.

---

[1] Defendant also filed a Motion to Quash Plaintiff's Subpoena for Production of Documents [25], based primarily on the same argument that it has not been properly served and thus is not subject to the jurisdiction of the Court. Because the Court finds that Defendant has been properly served, Defendant's Motion is denied.

**SO ORDERED** this 18th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE